IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Alberta Robinson,<br><br>    Plaintiff,<br><br>vs.<br><br>Commissioner of Social Security,<br><br>    Defendant.<br>_____ | Civil Action No.  8:06-1198-CMC-BHH<br><br><br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

  This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

  The plaintiff, Alberta Robinson, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security Administration denying her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

  The plaintiff was 50 years old on the date of the Administrative Law Judge's (ALJ) decision.  (Tr. at 15, 49.)  The plaintiff completed the eighth grade and has worked as a machine operator in a textile plant and a packer.  (Tr. at 15.)  The alleged onset date of disability of the plaintiff is July 1, 2001.  (Tr. at 14.)  The plaintiff alleges that she is disabled due to depression, breast cancer, diabetes, and hypertension.  (Tr. at 74, 75.)

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

The plaintiff protectively filed a claim for DIB and SSI on July 7, 2003. (Tr. at 49-51, 158-63.) The plaintiff's applications were denied initially and upon reconsideration. (Tr. at 34-37, 147-57.) A hearing *de novo* was held on July 20, 2005. (Tr. at 165-83.) On December 3, 2005, the ALJ issued an unfavorable decision finding Plaintiff was not disabled. (Tr. at 14-20.) On March 16, 2006, the Appeals Council denied Plaintiff's request to review the ALJ's decision   (Tr. at 4-6), thereby making the ALJ's decision the final decision of the Commissioner.

In making the determination that the plaintiff was not entitled to benefits, the ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in § 216(i) of the Social Security Act and is insured for benefits through December 31, 2006.

2. The claimant has not engaged in substantial gainful activity since July 1, 2001, the alleged onset date.

3. The claimant's diabetes mellitus and hypertension are impairments considered "severe," based on the criteria in the Regulations at 20 CFR §§ 404.1520(b) and 416.920(b).

4. This claimant's severe impairments do not meet or medically equal the criteria of any listed impairments in Appendix 1, Subpart P, Regulation 4.

5. The claimant's testimony was not fully credible and did not support a finding of disability.

6. All the medical opinions regarding the severity of the claimant's impairments have been carefully considered (20 CFR §§ 404.1527 and 416.927).

7. The claimant has the residual functional capacity to lift and/or carry up to 25 pounds on a frequent basis and up to 50 pounds on an occasional basis; to stand and/or walk for a total of up to six hours per eight-hour workday; and to sit (with normal breaks) for a total of up to six hours per eight-hour work day.

8. The claimant is a able to perform her past relevant work as a machine operator in a textile mill (20 CFR §§ 404.1565 and 416.965).

9. The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(f) and 416.920(f)).

**APPLICABLE LAW**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner

may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## **DISCUSSION**

The plaintiff contends that the ALJ erred in finding her not disabled. Specifically, the plaintiff alleges that the ALJ erred in failing to give adequate weight to the opinions of her treating physician, Dr. John Flood, and evaluation clinical psychologist, Dr. C. David Tollison.

**I.      Treating Physician Opinion**

Relying on *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983), the plaintiff argues that Dr. Flood's medical opinions could only be rejected by the ALJ if there was persuasive medical proof to contradict those opinions. *Mitchell*, however, is not the most recent pronouncement of the treating physician rule in the Fourth Circuit.

It is true that the medical opinion of a treating physician is entitled to controlling weight under certain circumstances. But, that opinion must be well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. §416.927(d)(2)(2004); *Mastro v. Apfel*, 370 F.3d 171, 178 (4th Cir. 2001); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). A "medical opinion," is a "judgment[ ] about the nature and severity of [the claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). However, statements that a patient is "disabled" or "unable to work" or meets the Listing requirements or similar statements are not medical opinions. These are administrative findings reserved for the Commissioner's determination. SSR 96-2p. Furthermore, even if the plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported them. *See Blalock*, 483 F.2d at 775.

In June 2005, the plaintiff's treating physician, Dr. Flood concluded that the plaintiff did not have the "pace, persistence, stamina, or concentration to maintain successful work activity" on a full time basis. (Tr. at 130.) Dr. Flood further concluded that the plaintiff's conditions were "not likely to improve," and that she had chest pain and "uncontrolled" diabetes and hypertension. *Id.*

The ALJ specifically found that Dr. Flood's opinions were inconsistent with his own medical records and specified such inconsistences in the decision. (Tr. at 17.) The Court has reviewed the evidence cited by the ALJ and finds that it is substantial.

5

Between May and September of 2003, Dr. Flood's examinations revealed no evidence of cancer recurrence (Tr. 109), and the ALJ specifically noted that Dr. Flood had observed no complications of diabetes or hypertension (Tr. 116). The plaintiff denied having any weight changes, visual disturbances, chest pain, paresthesias, or medication side effects. (Tr. at 115, 116, 118.)  During the same time, Dr. Flood observed, inconsistent with his June 2005 opinion, that her diabetes was under "good control," and her blood pressure was "at goal." (Tr. 117, 120.)  The ALJ also emphasized that Dr. Flood measured the plaintiff's strength as 5/5. (Tr. at 17, 117.)  In regards to her mental health, Dr. Flood found that she was oriented x3; had good intact recent and remote memory, judgment and insight; and had normal mood and affect. *Id*.

In April 2005,[2] Dr. Flood found her diabetes under only "fair control" but noted, consistent with the ALJ's conclusion, that the plaintiff's condition was affected by the fact that she was "rarely" using her medications  (Tr. at 133.) As to the plaintiff's reports of weakness and fatigue, Dr. Flood's treatment notes showed she reported those symptoms at times when she was "rarely us[ing] medications as prescribed," and when she had "stopped her meds on her own." (Tr. at 122-23.)  The ALJ specifically cited the plaintiff's noncompliance as a factor in his consideration of Dr. Flood's medical opinions. (Tr. at 17.) Namely, the ALJ noted that it was Dr. Flood's general opinion that the plaintiff's impairments were typically controlled when she used her medications and poorly controlled when she did not. (Tr. at 17.)  The ALJ's analysis in this regard was appropriate. *See Preston v. Heckler*, 769 F.2d 988, 990 n.1 (4th Cir. 1985)  (noncompliance with effective measures provides a basis for denying benefits); 20 C.F.R. § 404.1530 (failure to follow prescribed treatment will result in a finding of no disability).

In response, the plaintiff argues that there is "no competing evidence from an alternative source to suggest that Dr. Flood is wrong." (Pl. Brief at 4.) Of course, as stated,

---

[2]  It appears to be undisputed that the plaintiff went 19 months without treatment between September 2003 and April 2005.

such evidence is not required to discount Dr. Flood's opinion. The internal inconsistences are sufficient. *See Mastro v. Apfel*, 370 F.3d at 178.

The plaintiff also complains that the ALJ failed to recognize that her noncompliance is attributable to the fact that she could not afford the necessary medications. The plaintiff has cited to her own hearing testimony in support of her contention that she could not afford the prescribed medications. The cited page, however, does not contain relevant testimony evidencing an inability to pay and a reasonable review of the transcript by the Court has not revealed any.

Nevertheless, even if the plaintiff could produce conflicting evidence which might have resulted in a contrary decision, the ALJ is not bound by that evidence if substantial evidence supported a different conclusion. *See Blalock*, 483 F.2d at 775. The Court has already found that the ALJ relied upon substantial evidence in discounting Dr. Flood's opinion. The plaintiff has not, in any persuasive respect, challenged that evidence or the conclusion drawn from it by the ALJ.

## II.     Opinion of Dr. Tollison

The plaintiff also complains that the ALJ erred in rejecting the psychological evaluation of Dr. Tollison. It is undisputed that Dr. Tollison is not a treating physician of the plaintiff and only saw her on one occasion. (Tr. at 17.) His opinions are not accorded any presumption of controlling weight, as a result.

The plaintiff seems to argue that the ALJ did not review the entire report of Dr. Tollison and instead focused only on Dr. Tollison's conclusion that the plaintiff's processes, memory, and speech were grossly intact. (*See* Tr. at 17.) The Court cannot agree. A review of the decision demonstrates that the ALJ also explicitly concluded that Dr. Tollison's opinion that the plaintiff suffered from depression was wholly unsupported by the medical record and inconsistent with Dr. Flood's records, which consistently indicated that the plaintiff's mood and affect appeared normal, as were her memory, judgment, and insight.

*Id*.  The plaintiff has cited no other basis to charge the ALJ with not fully considering Dr. Tollison's report.

Again, the plaintiff may have a different view of the evidence but she has pointed to no legal error and the ALJ was sufficient in his recitation of substantial evidence for his particular view of the record in regards to Dr. Tollison.  (Tr. at 17.)  The Court, therefore, cannot disturb it.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court concludes that the finding of the ALJ are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed.

IT IS SO RECOMMENDED.

                                                                        s/Bruce Howe Hendricks
                                                                        United States Magistrate Judge

April 24, 2007
Greenville, South Carolina